UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT S. GAINOUS,

        Petitioner,

-vs-                                                  Case No.  8:04-cv-2691-T-24MAP

JAMES V. CROSBY, JR.,

        Respondent.
_____/

**ORDER**

Before this Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Robert S. Gainous (Gainous), a Florida prisoner. The petition attacks Gainous' conviction for Premeditated First Degree Murder arising from the Sixth Judicial Circuit in Pinellas County, Florida, in state circuit case number CRC 96-22879 CFANO.

BACKGROUND

On January 15, 1997, Gainous was indicted by the Grand Jury for one count of premeditated first degree murder, for an offense that occurred on December 14, 1996. (V1:R-8).[1] The deceased victim was Brian Gaylord. The case proceeded to a jury trial before the Honorable Lauren C. Laughlin, Circuit Judge, on June 10, 1997. Gainous was represented by two Assistant Public Defenders. The jury found Gainous guilty of

---

[1] Respondent filed the seven-volume record on direct appeal in Case No. 2D97-3714 as Respondent's Exhibit 23.  The record on appeal consists of five original and two supplemental volumes. The documents are for the most part contained in volume one, which is referred to as "V1," followed by "R" and the appropriate page number supplied by the clerk in the bottom middle of the page. The trial transcript, which is contained in volumes two through four, is referred to by volume number followed by "T" and the page number located in upper right hand corner of the page. Volume five contains the closing arguments. It is referred to as "V5," followed by the clerk's page number located in the bottom middle portion of the page.

premeditated murder in the first degree as charged. (V1:R-33). The state trial court sentenced Gainous to life imprisonment. (V1:R-34, 79).

Gainous appealed. His court-appointed attorney filed an initial brief (Exhibit 1), raising the following six issues:

Issue I

THE EVIDENCE IS INSUFFICIENT TO SUPPORT MR. GAINOUS' CONVICTION OF PREMEDITATED FIRST DEGREE MURDER BECAUSE THE STATE FAILED TO PROVE PREMEDITATION TO THE EXCLUSION OF ALL OTHER REASONABLE CONCLUSIONS.

Issue II

REVERSIBLE ERROR WAS COMMITTED WHEN THE PROSECUTOR ATTEMPTED TO VOUCH FOR AND ENHANCE THE CREDIBILITY OF THE STATE WITNESSES AND BASED ON THE WEAKNESS OF THE STATE'S CASE, THE HARMLESS ERROR DOCTRINE DOES NOT APPLY.

Issue III

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED THE DEFENSE MOTION FOR MISTRIAL AFTER THE STATE MADE AN IMPERMISSIBLE GUILT BY ASSOCIATION ARGUMENT DURING CLOSING ARGUMENT.

Issue IV

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED THE DEFENSE MOTION FOR MISTRIAL WHEN, DURING CLOSING ARGUMENT, THE PROSECUTOR ARGUED THAT THE TESTIMONY OF THE CHIEF STATE WITNESS HAD NOT BEEN CONTRADICTED.

Issue V

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT PROHIBITED THE DEFENSE FROM ARGUING TO THE JURY THAT THE STATE FAILED TO OBTAIN THE TESTIMONY OF A WITNESS WHO WAS PECULIARLY WITHIN THE STATE'S POWER TO PRODUCE AND WHOSE TESTIMONY WOULD EXPLAIN WHAT OCCURRED IN THIS CASE.

Issue VI

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ALLOWED THE JURY TO READ FROM A TRANSCRIPT OF MR. GAINOUS' STATEMENT AS THE ACTUAL TAPED STATEMENT WAS PLAYED FOR THE JURY.

The State filed its answer brief on or about October 13, 1998. (Exhibit 2). Gainous' attorney did not file a reply brief. On April 7, 1999, in Case No. 2D97-3714, the state district court of appeal per curiam affirmed Gainous' conviction and sentence. (Exhibit 3). Gainous v. State, 731 So.2d 1283 (Fla. 2d DCA 1999)[Table].

On March 9, 2000, in Case No. 2D00-817, Gainous filed a petition for writ of habeas corpus in the state district court of appeal. (Exhibit 5). On April 6, 2000, the state district court of appeal denied the petition. (Exhibit 6). Gainous v. Moore, 758 So.2d 677 (Fla. 2d DCA 2000)[Table].

On May 5, 2000, Gainous filed a motion for postconviction relief alleging that trial counsel was ineffective for failing to obtain forensic testing of hair samples seized at the crime scene; for failing to object to a jury instruction on the defendant's out-of-court statements; and for failing to introduce prior statements by Mary Renz. (Exhibit 7). Gainous filed a memorandum of law in support of the motion on or about July 26, 2000. (Exhibit 8).

On March 19, 2001, Gainous filed an amended motion for postconviction relief and an amended memorandum raising a fourth claim: counsel was ineffective for failing to properly advise him of the consequences of testifying on his own behalf. (Exhibit 9). With respect to his fourth claim, Gainous asserted that counsel told him that the State would be able to offer into evidence his entire criminal history if Gainous testified. On December 7,

2001, the state trial court denied relief on ground two of Gainous' motion and ordered the State to respond to grounds one, three, and four. (Exhibit 10). The State filed its response on December 26, 2001. (Exhibit 11). Gainous filed a reply to the State's response. (Exhibit 12).

On January 16, 2002, the state trial court denied relief on ground three of Gainous' Rule 3.850 motion and granted an evidentiary hearing on grounds one and four. (Exhibit 13). With respect to ground three, the state trial court found that the statements in Ms. Renz's deposition could not have been read into evidence because the court had not made a finding that she was unavailable. The state trial court further found that Ms. Renz's deposition testimony would not have supported Gainous' theory of self-defense and that there was no reasonable possibility that the trial's outcome would have been different had the deposition been admitted.

The state trial court appointed counsel to represent Gainous at the evidentiary hearing (Exhibit 14) which was held on April 29, 2002, before the Honorable Nelly N. Khouzan, Circuit Judge. (Exhibit 15). On May 16, 2002, the state trial court denied Gainous' original and amended Rule 3.850 motions in their entirety. (Exhibit 16). The state trial court found that counsel had made a strategic decision not to pursue DNA testing of the hair samples found at the scene, that this decision was reasonable, and that counsel's performance was not deficient. The state trial court further found that the hair samples would not have provided significant support for Gainous' case.

In denying relief on ground four, the state trial court found that trial counsel's testimony at the evidentiary hearing was credible and that counsel did not inform Gainous

that the State would be able to elicit the <u>details</u> of his prior convictions if Gainous provided the incorrect number of previous convictions.

Gainous appealed the adverse rulings. The Assistant Public Defender who was assigned to represent Gainous on appeal filed an <u>Anders</u>[2] brief, stating that she could find no meritorious argument to support the contention that the state trial court committed significant reversible error in Gainous' case. (Exhibit 17). Counsel directed the state district court of appeal's attention to three potential issues for review: (1) Did the trial court err in failing to grant an evidentiary hearing as to Gainous' claim that his trial counsel was ineffective for failing to obtain the trial testimony of witness Mary Renz? (2) Did the state trial court err in denying a hearing on the issue of trial counsel's ineffectiveness for failure to object to the use of an improper jury instruction without attaching applicable record portions, if any? (3) Did the state trial court err in denying the motion for postconviction relief as to the claim that trial counsel was ineffective for failing to investigate and present DNA evidence as to the type of hair found at the scene of the crime, where Gainous alleged that the hair would have matched his own and excluded the victim, thereby substantiating Gainous' claim of self-defense?

After being invited to do so by the state district court of appeal, Gainous filed a pro se brief, raising one main issue: "The trial court erred in denying the Motion for Postconviction Relief as to the claim that trial counsel was ineffective through her misadvice to the defendant as to the consequences of testifying for his defense, thus rendering the defendant's waiver of his right to testify involuntary." (Exhibit 18). Gainous also asked the

---

[2] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

state district court of appeal to consider other points in the interest of justice. The State filed an answer brief, construing and addressing the issues as follows: (1) whether the state trial court properly denied relief on Gainous' claim that trial counsel was ineffective for misadvising Gainous as to the consequences of testifying at trial; (2) whether trial counsel was ineffective for failing to obtain an analysis of hair samples found at the scene; ineffective for failing to call Mary Renz as a witness, and ineffective for failing to properly impeach State witness John Bradley. (Exhibit 19). Gainous filed a reply brief. (Exhibit 20).

On November 14, 2003, in Case No. 2D02-2374, the state district court of appeal per curiam affirmed the state trial court's denial of postconviction relief. (Exhibit 21). <u>Gainous v. State</u>, 864 So.2d 410 (Fla. 2d DCA 2003)[Table]. The mandate issued on December 9, 2003. (Exhibit 22). Gainous signed the present federal petition on December 8, 2004. The petition was filed on December 13, 2004. Gainous raises four grounds for relief in the federal petition:

### Ground One

THE EVIDENCE IS INSUFFICIENT TO SUPPORT MR. GAINOUS' CONVICTION OF PREMEDITATED FIRST DEGREE MURDER BECAUSE THE STATE FAILED TO PROVE PREMEDITATION TO THE EXCLUSION OF ALL OTHER REASONABLE CONCLUSIONS.

### Ground Two

REVERSIBLE ERROR WAS COMMITTED WHEN THE PROSECUTOR ATTEMPTED TO VOUCH FOR AND ENHANCED THE CREDIBILITY OF THE STATE WITNESSES AND BASED ON THE WEAKNESS OF THE STATE'S CASE, THE HARMLESS ERROR DOCTRINE DOES NOT APPLY.

### Ground Three

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED THE DEFENSE MOTION FOR MISTRIAL AFTER THE STATE MADE AN

IMPERMISSIBLE GUILT BY ASSOCIATION ARGUMENT DURING CLOSING.

**Ground Four**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED THE MOTION FOR MISTRIAL WHEN, DURING CLOSING ARGUMENT, THE PROSECUTOR ARGUED THAT THE TESTIMONY OF THE CHIEF STATE WITNESS HAD NOT BEEN CONTRADICTED.

STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. Williams v. Taylor, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002).

DISCUSSION

Gainous is not entitled to relief from this Court because the petition is untimely, and Gainous does not make out an claim of actual innocence to overcome the time-bar.

TIMELINESS OF THE PETITION

Under the 28 U.S.C. § 2244 (d)(1), as amended by the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became

final to file a § 2254 federal habeas petition. Gainous' judgment became final on **July 7, 1999**, ninety (90) days after the Second District Court of Florida filed its opinion affirming Gainous' conviction on April 7, 1999, in Case No. 2D97-3714. See Clay v. United States, 537 U.S. 522, 526-527 (2003)(The 90 days allowed for filing a petition for writ of certiorari begins on the date the appellate court issues its opinion on the direct appeal, not from the date the appellate court issues its mandate.). This distinction is specifically stated in Supreme Court Rule 13(3). See also, Bond v. Moore, 309 F.3d 770 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review). Accordingly, Gainous had until **July 7, 2000**, to file the federal petition, absent collateral state court activity.

Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." When Gainous filed his state habeas corpus petition on **March 9, 2000**, 245 days of the one-year period had already elapsed. The state habeas corpus collateral proceeding was final on **April 6, 2000**, when the state district court of appeal denied relief. Therefore, the statutory period began to run again on **April 7, 2000**.

Twenty-eight additional days passed before Gainous filed his motion for postconviction relief on **May 5, 2000**. The Rule 3.850 proceeding was not final until **December 9, 2003**, when the state district court of appeal issued its mandate in the collateral appeal. Thereafter, 364 days of the limitations period elapsed before Gainous

filed the federal petition on **December 8, 2004**. Consequently, the total time during which no "properly filed" state collateral proceeding was pending is 637 days (245 + 28 + 364), well beyond the one-year limitations period.

Section 2244(d) permits equitable tolling when a movant untimely files his federal petition because of extraordinary circumstances that are both beyond his control and unavoidable with diligence. Steed v. Head, 219 F.3d 1298 (11th Cir. 2000); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999). Because it is "an extraordinary remedy," Steed, 219 F.3d at 1300, equitable tolling has been permitted by federal courts "only sparingly." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). The burden of establishing entitlement to this extraordinary remedy rests with the petitioner. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). Gainous' petition presents no basis upon which to invoke the doctrine of equitable tolling under the circumstances of this case.  Accordingly, Gainous is not entitled to equitable tolling.

In his reply, Gainous claims that he is actually innocent of the crime, and that the Court must determine whether he is actually innocent prior to dismissing the petition as time-barred. In Wyzykowski v. Dep't of Corrections, 226 F.3d 1213, 1219 (11th Cir. 2000), the petitioner made a claim of actual innocence along with his otherwise time-barred habeas petition. The district court dismissed the petition as time-barred without ruling on whether the petitioner had actually made a showing of actual innocence, or whether such a showing warranted an exception to § 2244's statute of limitations. On appeal, the Eleventh Circuit remanded the case to the district court with directions to determine whether the petitioner had demonstrated his innocence. Id. at 1219 ("[W]e decline to address the

factual issue whether Wyzykowski can make a showing of actual innocence, preferring that the district court do so in the first instance.").

A review of the record demonstrates that Gainous cannot show that he is actually innocent. Gainous did not provide affidavits or other reliable evidence of actual innocence that Schlup v. Delo, 513 U.S. 298 (1995) demands; therefore, Gainous cannot use a claim of actual innocence as a gateway through which this Court could consider the time-barred habeas corpus petition. See Sibley v. Culliver, 377 F.3d 1196 (11th Cir. 2004)(citing Dretke v. Haley, 541 U.S. 386 (2004)).

Accordingly, the Court orders:

That Gainous' petition for writ of habeas corpus is denied, as time-barred. The Clerk is directed to enter judgment against Gainous and to close this case.

ORDERED at Tampa, Florida, on February 20, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Robert S. Gainous, Pro se